# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNA K. PEARSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-211-GPM |
| | ) |
| **VILLAGE OF GREENUP, ILLINOIS, THE MAYOR OF GREENUP, ILLINOIS, THE TOWN CLERK OF GREENUP, ILLINOIS, NANCY SOWERS, MONTY SHUPE, WENDELL KEMPER, RICK SHEPARD, TODD KEMPER, LINDA HORNBECK, ZHONNA BROWN, FBI, and DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Donna K. Pearson, filed a pro se complaint against the Village of Greenup, Illinois, the Mayor of Greenup, Illinois, the Town Clerk of Greenup, Illinois, Nancy Sowers, Monty Shupe, Wendell Kemper, Rick Shepard, Todd Kemper, Linda Hornbeck, Zhonna Brown, the Federal Bureau of Investigation, and the Director of the Federal Bureau of Investigation. The case was originally filed on March 11, 2009, in the Central District of Illinois, but it was transferred here by District Judge Michael P. McCuskey because the Village of Greenup is in Cumberland County, Illinois, a county within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. 93.

Pearson claims that the Village of Greenup has discriminated against her "and all other people who have ever ran for an election in Greenup." (Doc. 1, para. 4). Pearson's claim appears to arise out

of Pearson's alleged filing of sealed documents to run in an election in Greenup. She alleges that she turned these materials into someone at the Clerk's office, and that these documents were opened without an election official in violation of federal election laws. Pearson further claims that one or more named defendants have committed voter fraud, perjury, slander, libel, violated her civil and constitutional rights, and threatened her. She claims to have suffered a heart attack and great personal injury because of Defendants' conduct, and she seeks $500 million from each defendant (*see* Doc. 1).

Defendants have moved to dismiss the complaint on the basis that service of process was insufficient. A review of the return of service (Doc. 4) reflects that service was, as Defendants allege, in violation of Federal Rule of Civil Procedure 4(c)(2) because it was made by Pearson herself, a party to this action. Because Pearson is proceeding pro se, the Court will only quash the purported service of summons and let Pearson try again. The Court notes that Pearson is not proceeding with in forma pauperis status, so service by the United States Marshal is not in order. Pearson should consult Federal Rule of Civil Procedure 4(a)(c)(1) and (2), 4(e), and 4(j) concerning the method to serve Defendants.

Finally, Pearson is urged to review Federal Rule of Civil Procedure 4(m) regarding the time limit for service. If any defendant is not properly served by **July 11, 2009** (120 days after the complaint was filed), the Court will dismiss this action as to that defendant.

Because Defendants have not been properly served, the motions for default judgment (Docs. 8, 11) are **DENIED**. For the reasons set forth above, Defendants' motion to dismiss (Doc. 7) is **GRANTED in part**, and the previously filed return of service (Doc. 4) is quashed.

**IT IS SO ORDERED.**

DATED: 06/01/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge